IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN A. STEWART, TRUSTEE,

      Plaintiff,

v.                                                        Civil Action No. 3:12-CV-1361-M-BK

JP MORGAN CASE BANK,
NATIONAL ASSOCIATION,

      Defendant.

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Court's *Standing Order of Reference* (Doc. 10), this case has been referred to the United States Magistrate Judge for pretrial management. The cause is now before the Court for a recommendation on Defendant's *Motion to Dismiss Plaintiff's Complaint, or Alternatively Motion for a More Definite Statement.* (Doc. 4) and Plaintiff's *Motion to Amend* (Doc. 6). For the reasons discussed below, the Court recommends that Defendant's *Motion to Dismiss Plaintiff's Complaint, or Alternatively Motion for a More Definite Statement* (Doc. 4) be **GRANTED**, and Plaintiff's *Motion to Amend* (Doc. 6) be **DENIED WITHOUT PREJUDICE**.

BACKGROUND

Plaintiff brought this case in state court, alleging that Defendant held a first lien and deed of trust on real property owned by Ann and Thomas Klesmit. (Doc. 1, Ex. A-2 at 3). The Klesmits were in default on the note and deed of trust, and Defendant posted the property for foreclosure, which was to take place in January 2011. *Id.* Plaintiff alleged that the Klesmits arranged for the purchase of the note and deed of trust to avoid foreclosure and had a cashier's

check for $273,604.88, an assignment of the note and deed of trust, and an allonge forwarded to Defendant on December 23, 2010. *Id.* Defendant returned the check, advising that the correct amount due was $282,740.76. *Id.* Thereafter, Plaintiff forwarded the original cashier's check and another cashier's check for $9,135.88, to Defendant on December 30, 2010 with specific instructions that these funds were not to be used as a loan payoff, but that the note and deed of trust were to be assigned to Plaintiff. A proposed allonge and assignment were enclosed. *Id.* Plaintiff alleged that Defendant cashed the checks, but instead of assigning the note and deed of trust to Plaintiff, Defendant released the lien, thereby damaging Plaintiff in the amount of $282,740.46. *Id.* at 4. Plaintiff brought suit for breach of contract and conversion. *Id.* at 4-5. Defendant removed the case to federal district court based on diversity jurisdiction and now moves to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 1 at 2; Doc. 4).

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498

(5th Cir. 2000).

## ANALYSIS

**A.    Breach of Contract**

Defendant alleges that Plaintiff's breach of contract claim is subject to dismissal because there was neither any contract between itself and Plaintiff nor any underlying consideration. (Doc. 4 at 3-4). Plaintiff responds that he alleged sufficient facts in his complaint to plead a claim for breach of implied contract because he (1) made an offer to Defendant by submitting a letter with a check stating that the check was procured from a third source and was not tendered as payment of the note, but was rather for the purchase of the note; (2) Defendant returned the check and asked for additional monies, which were sent with a new assignment and allonge; (3) Defendant cashed both checks with knowledge that the funds came from a third party for the purchase of the note; and (4) Defendant's actions evidence that it intended to be bound by Plaintiff's offer. (Doc. 6 at 4-5).

Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). A contract may be either express or implied, the difference being in the modes of expressing assent. *Haws & Garrett General Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). An implied promise to perform may be inferred from the circumstances, the parties' course of conduct, and their course of dealing. *Id.* A contract implied in fact arises when the parties act in a way such as to indicate a mutual intention to contract, for

3

example, where one accepts the tendered service of another under circumstances justifying the inference that the other expected to be paid for such services. *Turners, Inc. v. Klaus*, 341 S.W.2d 182, 184 (Tex. Civ. App. – San. Antonio, 1960).

Moreover, it is elementary contract law that every contract must be supported by consideration. *Fourticq v. Fireman's Fund Ins. Co.*, 679 S.W.2d 562, 564 (Tex. App. – Dallas, 1984). Consideration is a present exchange bargained for in return for a promise, consisting of either a benefit to the promisor or a detriment to the promisee. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). A contract unsupported by consideration is not binding upon the parties and is unenforceable. *Rio Grande Nat'l Life Ins. Co. v. Faulkner*, 241 S.W.2d 468, 471 (Tex. Civ. App.– Dallas, 1951).

In this case, Plaintiff has not stated a claim for breach of implied contract. His complaint does not indicate (1) who sent the original cashier's check, assignment, and allonge to Defendant on December 23, 2010, or (2) to whom Defendant returned the check. Based on Plaintiff's response to Defendant's dismissal motion, it appears that Plaintiff was the unnamed party. If that is the case, then he can state a claim for breach of implied contract. To wit, (1) he made an offer to Defendant by submitting a letter with a check for purchase of the note on the Klesmit's home; (2) Defendant returned the check to Plaintiff and asked for additional monies, which Plaintiff sent together with a new assignment and allonge and instructions for the assignment; (3) Defendant cashed the checks, thereby accepting Plaintiff's offer; (4) Defendant breached the contract by releasing the lien instead of assigning it to Plaintiff; and (5) Plaintiff sustained damages as a result of the breach. *Sport Supply*, 335 F.3d at 465. An implied promise from Defendant to Plaintiff arose based on the parties' course of dealing. *Haws & Garrett*, 480

4

S.W.2d at 609.

Nevertheless, Defendant accurately notes that there is no allegation by Plaintiff that any consideration supported the implied contract. In short, Defendant does not appear to have gained anything from this bargain, which would render the contract unenforceable. *Roark*, 813 S.W.2d at 496; *Rio Grande*, 241 S.W.2d at 471. Plaintiff requests, however, that if the Court should find his claim subject to dismissal, he be allowed to re-plead to cure any deficiencies. (Doc. 6 at 1). Moreover, as an alternative to dismissal of Plaintiff's claims, Defendant argues that Plaintiff should be required to re-plead with a more definite statement of his legal theories and allegations. (Doc. 4 at 5). Accordingly, the Court should allow Plaintiff 14 days to re-plead his breach of contract claim to clarify his theories of liability as set forth above.

**B.    Conversion**

Defendant next alleges that Plaintiff's conversion claim fails because money is not a specific chattel, but is rather an indebtedness that can be discharged by a monetary payment. Further, Defendant alleges that it was contractually entitled, via the deed of trust, to receive and apply the funds it received from the Klesmits. (Doc. 4 at 4). Plaintiff contends that he has pled sufficient facts to state a conversion claim because Defendant used the tendered funds for a purpose that Plaintiff specifically forbid. (Doc. 6 at 5-6).

When an indebtedness can be discharged by the payment of money generally, an action in conversion is inappropriate. *Mitchell Energy Corp. v. Samson Resources Co.*, 80 F.3d 976, 984 (5th Cir. 1996). An action for conversion is available for the recovery of money if the money is a specific chattel, such as old coins. *Id.* Otherwise, in Texas, an action for the conversion of money may only be brought where the funds are (1) delivered for safe keeping; (2) supposed to

5

be kept segregated; (3) substantially in the form in which they are received; and (4) not the subject of a title claim by the keeper. *In re TXNB Internal Case*, 483 F.3d 292, 308 (5th Cir. 2007).

In this case, Plaintiff's action for conversion fails as a matter of law. By the very nature of the claim he brings, it is clear that Plaintiff did not deliver the funds in question to Defendant for safekeeping, nor did Defendant keep them segregated, nor is the money a specific chattel. Rather, the debt that Plaintiff seeks to collect is one that can be discharged by the payment of money generally and, as such, an action for conversion is not available to him. *Mitchell*, 80 F.3d at 984. Accordingly, dismissal of this claim with prejudice is warranted. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief could be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## C. Motion for Leave to Amend

Plaintiff requests leave to amend his complaint to add causes of action for negligence and money had and received. (Doc. 6 at 1, 7). Defendant replies that Plaintiff has failed to timely add additional causes of action pursuant to Federal Rule of Civil Procedure 15. (Doc. 9).

As Defendant argues, Plaintiff could only amend his complaint as a matter of course within 21 days after serving it. FED. R. CIV. P. 15(a)(1). The court should freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Nevertheless, this Court's local rules require that when a party seeks to amend a document, he must attach the proposed amended pleading to the motion as an exhibit. N.D. TEX. L. R. 15.1. Plaintiff has not done so in this case. Accordingly, Plaintiff's *Motion to Amend* should be **DENIED WITHOUT PREJUDICE**.

**CONCLUSION**

For the reasons stated above, Defendant's *Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion for More Definite Statement* (Doc. 4) should be **GRANTED**, and Plaintiff's *Motion to Amend* (Doc. 6) should be **DENIED WITHOUT PREJUDICE**.  Plaintiff should be given 14 days from the date of this Recommendation to re-plead his breach of contract claim.

**SO RECOMMENDED**, July 17, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE