**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**JOHN A. STEWART, TRUSTEE,**

   **Plaintiff,**

**v.**            **Civil Action No. 3:12-CV-1361-M-BK**

**JP MORGAN CHASE BANK**
**NATIONAL ASSOCIATION,**

   **Defendant.**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Judge's Standing Order of Reference (Doc. 10), this case has been referred to the United States Magistrate Judge for pretrial management.  The Court now considers Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint*.  (Doc. 13).  For the reasons discussed below, it is recommended that the motion be **DENIED**.

## BACKGROUND

Plaintiff brought this case in state court, alleging that Defendant held a first lien and deed of trust on real property owned by Ann and Thomas Klesmit.  (Doc. 1, Ex. A-2 at 3).  The Klesmits were in default on the note and deed of trust, and Defendant posted the property for foreclosure sale, which was to take place in January 2011.  *Id*.  Plaintiff argued that the Klesmits arranged for the purchase of the note and deed of trust to avoid foreclosure, and had a cashier's check for $273,604.88, assignment of the note and deed of trust, and an allonge forwarded to Defendant on December 23, 2010.  *Id*.  Defendant returned the check, advising that the correct amount due was $282,740.76.  *Id*.  Plaintiff then forwarded the original cashier's check for

$273,604.88 and another cashier's check for $9,135.88, to Defendant on December 30, 2010,

with specific instructions that these funds were not to be used to pay off Defendant's lien on the

Klesmits' property, but rather the note and deed of trust were to be assigned to Plaintiff. *Id*. A

proposed allonge and assignment were enclosed. *Id*. Plaintiff alleged that Defendant cashed the

checks, but instead of assigning the note and deed of trust to Plaintiff, Defendant released the

lien, thereby damaging Plaintiff in the amount of $282,740.46. *Id*. at 4. Plaintiff brought suit for

breach of contract and conversion. *Id*. at 4-5. Defendant removed the case to federal district

court based on diversity jurisdiction; and moved to dismiss Plaintiff's complaint for failure to

state a claim. (Doc. 1 at 2; Doc. 4).

The Court granted Defendant's motion to dismiss Plaintiff's conversion claim for failure

to state a claim. (Doc. 15). But the Court granted Plaintiff an additional 14 days to re-plead his

breach of contract claim to clarify his theories of liability. (Doc. 11 at 5; Doc. 15). In his first

amended complaint, Plaintiff alleges substantively the same facts as he did in the original

petition, except for two key changes. (Doc. 12). First, Plaintiff's amended complaint states that

he had two cashier's checks made out to Defendant in the amounts of $273,604.88 and

$9,135.88. *Id.* at 2-3. Second, Plaintiff's amended complaint states the sum requested by the

Defendant, $282,740,76, represents consideration; and, further, that the amount requested by

Defendant was greater than the amount owed on the note and is greater than what Defendant

could have sold the property for. *Id.*

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff

must allege enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009). When ruling on a motion to dismiss, a court must accept all factual

allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

To survive a Rule 12(b)(6) motion, a complaint should "contain either direct allegations on every

material point necessary to sustain a recovery . . . or contain allegations from which an inference

may be fairly drawn that evidence on these material points will be introduced at trial." *Campbell*

*v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Finally, the

complaint should not merely contain conclusory allegations, but be pled with a certain level of

factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## ANALYSIS

Defendant alleges that Plaintiff's amended breach of contract claim is subject to dismissal

because there was neither a contract between itself and Plaintiff nor any consideration.  (Doc. 13

at 3-4).  Plaintiff responds that he has now sufficiently alleged a breach of contract claim because

(1) Plaintiff, as Trustee and not as attorney for Ann and Thomas Klesmit, paid $282,740.76 to

purchase a note and deed of trust from Defendant; and (2) the cashier's checks totaling

$282,740.76 served as consideration.  (Doc. 14 at 1-3).  Defendant replies that Plaintiff's first

amended complaint fails to cure the defects that existed in his first complaint because (1) John A.

Stewart, Trustee, and John A. Stewart, attorney for Thomas and Ann Klesmit, are

indistinguishable; and (2) the amount tendered by Plaintiff was due under the loan, thus there

was no underlying consideration to support a contract.  (Doc. 16 at 2-3).

In Texas, a contract can be either express or implied – the only real difference between

the two being the manner of proof required to establish a valid contract.  *Plotkin v.  Joekel*, 304

S.W.3d 455, 476-77 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  Whether express or

implied, the elements of a valid contract are: "(1) an offer, (2) an acceptance, (3) a meeting of the

minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with

the intent that it be mutually binding." *Prime Products, Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d

631, 636 (Tex. App.—Houston [1st Dist] 2002, no pet.).  To plead a claim for breach of contract,

a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered

performance under the contract; (3) that the defendant breached the contract; and (4) that the

plaintiff sustained damages as a result of the breach.  *Sport Supply Group, Inc. v. Columbia Cas.*

*Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

In his amended complaint, Plaintiff has alleged the elements of an implied contract and

sufficiently stated a claim for breach of the same.  Specifically, Plaintiff claims: (1) he made an

offer to Defendant by submitting a letter with a check for purchase of the note on Ann and

Thomas Klesmit's home; (2) Defendant returned the check to Plaintiff and asked for more

money, which Plaintiff sent together with a new assignment and allonge, as well as instructions

for said assignment; (3) Defendant cashed the checks, thereby accepting Plaintiff's offer; (4)

Defendant breached the contract by releasing the lien instead of assigning it to Plaintiff; and (5)

Plaintiff sustained damages as a result of the breach.  *See Sport Supply*, 335 F.3d at 465 (listing

the elements for breach of contract claim in Texas).

Plaintiff's first amended complaint also pleaded that the contract between Plaintiff and

Defendant was supported by consideration.  It is a legal axiom "that every contract must be

supported by consideration." *Rio Grande Nat. Life. Ins. Co. v. Faulkner*, 241 S.W.2d 468, 471

(Tex. Civ. App.—Dallas 1951, writ ref'd n.r.e.).  In Texas, "[c]onsideration is a present exchange

bargained for in return for a promise.  It consists of either a benefit to the promisor or a detriment

to the promisee.  The detriment must induce the making of the promise, and the promise must

induce the incurring of the detriment." *Roark v. Stallworth*, 813 S.W.2d 492, 496 (Tex. 1991)

(citations omitted).  Defendant contends that no consideration supports the alleged contract

because the amount tendered by Plaintiff was the amount due to pay off the note and deed of trust.  (Doc. 16 at 3).  Further, Defendant contends that this payment by Plaintiff was to pay off an antecedent debt, which if true would not be valid consideration.  *Id.*; *see, e.g.*, *Pride v. Brandon*, 227 S.W.2d 385, 386, 387 (Tex. Civ. App.—Eastland 1950, no writ) (payment of antecedent debt not valid consideration).  However, if we accept Plaintiff's pleadings as true, which is required when determining the validity of Defendant's Rule 12(b)(6) motion, Trustee John A. Stewart's payment of $282,740.76 to Defendant is not a payment of an antecedent debt but rather an offer to purchase the note and deed of trust from Defendant, which would be valid consideration.  *See, Roark*, 813 S.W.2d at 496 ("Consideration is a present exchange bargained for in return for a promise.").  Moreover, Defendant's argument that the evidence shows Plaintiff was acting in his capacity as the Klesmits' attorney during the transaction at issue is inconsequential at this juncture; Plaintiff has pled facts from which an inference may be fairly drawn that contrary evidence on this issue will be introduced at trial.  *Campbell*, 43 F.3d at 975.  Thus, Plaintiff's first amended complaint sufficiently pleads the existence of an implied contract between Plaintiff and Defendant that was supported by consideration.

## CONCLUSION

In summary, Plaintiff's first amended complaint contains allegations on every material point which, if true, are sufficient to sustain a recovery for breach of contract.  Thus, Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. 13) should be **DENIED**.

**SO RECOMMENDED**, on October 1, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE